# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05-03146-01-CR-S-RED |
| JOSEPH HASLETT, | ) ) ) |
| Defendant. | ) |

## ORDER

Pending before the Court are Defendant's Motion to Declare Charging Statute Unconstitutionally Vague (Doc. 23) and Government's Response to Defendant's Motion to Declare Charging Statute Unconstitutionally Vague (Doc. 26).

Defendant claims that the indictment in the above-styled case should be dismissed against him as the charging statutes, 18 U.S.C. § 922(g)(3) and § 922 (a)(6) are void for vagueness. Section 922(g)(3) causes it to be unlawful for any person who is an unlawful user of any controlled substance to possess in and affecting commerce, any firearm. Section 922 (a)(6) cases it to be unlawful for any person in connection with the acquisition or attempted acquisition of any firearm from a licensed manufacturer or licensed dealer to knowingly make any false oral or written statement intended to or likely to deceive with respect to any fact material to the unlawfulness of the sale.

On May 11, 2006, United States Magistrate Judge James C. England issued his Report and Recommendations (Doc. 27). On June 12, 2006, Defendant filed his objection to Report and Recommendations of the United States Magistrate Judge (Doc. 30).

Upon careful and independent review of the pending motion, the suggestions filed by the

parties in regard to said Motion, and a review of the applicable law including this Court's previous ruling in *United States v. Goslee*, No. 04-03140 (Doc. 43)[1], the Court hereby adopts and incorporates as its own opinion and order, the Report and Recommendation of United States Magistrate Judge James C. England.

Accordingly, it is hereby ordered that Defendant's Motion to Declare Charging Statute Unconstitutionally Vague (Doc. 23) is overruled and denied.

**IT IS SO ORDERED.**

DATE:  June 26, 2006              */s/ Richard E. Dorr*
                                  RICHARD E. DORR, JUDGE
                                  UNITED STATES DISTRICT COURT

---

[1] The Court also finds persuasive the rulings by several other district courts in this circuit that vagueness challenges to Section 922 are best left to post-trial resolution, allowing the evidence to be fully developed. *See, e.g., United States v. Keys*, 390 F. Supp.2d 875, 885-86 (D. N.D. 2005).